UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In Re:

    Feroniki Katerini Kutsomarkos,

Case No. 20-43741
Chapter 7
Hon. Mark A. Randon

       Debtors.
_____/

Kenneth Nathan, Trustee,

       Plaintiff,

vs.

Chris Markos and
Rak Dixit a/k/a Rakesh Dixit

Adversary Proceeding
Case No. 22-4030

       Defendants

_____/

## **DEFENDANT CHRIS MARKOS MOTION TO SET ASIDE DEFAULT JUDGMENT**

NOW COMES, Defendant, Chris Markos ("Defendant") by and through his attorneys, GOLDSTEIN BERSHAD & FRIED P.C., and submits this Motion to Set Aside Default Judgment:

1. The above captioned adversary proceeding was filed on March 4, 2022 ("Lawsuit").

2. The Defendant was not properly served with the Lawsuit.

3. The Defendant asserts he has an meritorious defense to the Lawsuit as he asserts that no money is owed to Plaintiff and any alleged transfer was not a fraudulent conveyance.

1

4. A default judgment was entered against the Defendant on April 12, 2022.

5. The 6th Circuit has developed a three factor test to determine whether a default should be set aside: (1) The culpability of the Defendant; (2) whether Plaintiff will be prejudiced if the judgment is set aside; and (3) whether the Defendant has a meritorious defense.

6. The Defendant contends that the Plaintiff will not be prejudiced by setting aside the entry of the default.

7. The Defendant has a meritorious defense as outlined in the attached brief.

8. The actions of the Defendant were excusable neglect.

9. Defendant relies on the attached brief in support of the motion.

WHEREFORE, the Defendant prays this Honorable Court to Set Aside the Default Judgment.

GOLDSTEIN BERSHAD & FRIED PC

By: /s/ Scott M. Kwiatkowski
    Scott M. Kwiatkowski (P67871)
    Attorney for Defendant
    4000 Town Center, Suite 1200
    Southfield, MI 48075
    (248) 355-5300
    (248) 355-4644 Fax
    email: scott@bk-lawyer.net

Dated: October 28, 2022

2

In Re:

   Feroniki Katerini Kutsomarkos,

     Debtors.

_____/

Kenneth Nathan, Trustee,

    Plaintiff,

vs.

Chris Markos and
Rak Dixit a/k/a Rakesh Dixit

    Defendants

_____/

Case No. 20-43741
Chapter 7
Hon. Mark A. Randon

Adversary Proceeding
Case No. 22-4030

## BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO SET ASIDE DEFAULT JUDGMENT

Now Comes, Chris Markos ("Defendant"), by and through his attorneys, Goldstein Bershad & Fried and hereby submits this Brief in Support of Motion to Set Aside Default Judgment:

## ANALYSIS

**I.** **IMPROPER SERVICE**

**A.** **Federal Rule of Bankruptcy Procedure 7004**

Rule 7004. **Process; Service of Summons, Complaint**

(a) **Summons; Service; Proof of Service.**

  (1) Except as provided in Rule 7004(a)(2), Rule 4(a), (b), (c)(1), (d)(1), (e)–(j), (l), and (m) F.R.Civ.P. **applies in adversary proceedings**. Personal service under Rule 4(e)–(j) F.R.Civ.P. may be made by any person at least 18 years

of age who is not a party, and the summons may be delivered by the clerk to any such person.

(2) The clerk may sign, seal, and issue a summons electronically by putting an "s/" before the clerk's name and including the court's seal on the summons.

(b) **Service by First Class Mail**. Except as provided in subdivision (h), in addition to the methods of service authorized by Rule 4(e)–(j) F.R.Civ.P., service may be made within the United States by first class mail postage prepaid as follows:

(1) **Upon an individual** other than an infant or incompetent, **by mailing a copy of the summons and complaint to the individual's dwelling house** or usual place of abode or to the place where the individual regularly conducts a business or profession.

(emphasis added)

\*       \*       \*

**The Sixth Circuit has expressly held that "if service of process was not proper, the court <u>must</u> set aside an entry of default**." *O.J. Distrib., Inc., 340 F.3d at 353 (emphasis added); see also Empire Servs. v. Kanza*, No. 92-5495, 1993 U.S. App. LEXIS 17645, at \*7-8 (6th Cir. July 19, 1993) ("If service of process was not proper, the court must set aside the default judgment."). "[W]hile the defendant eventually received the Complaint and actual notice of the lawsuit, service was not properly effectuated." *Chicago Title Ins. Co. v. Dewrell Sacks, LLP*, No. 3:08-1083, 2009 U.S. Dist. LEXIS 121786, at \*15 (M.D. Tenn. Dec. 30, 2009); see also *Homer v. Jones-Bey*, 415 F.3d 748, 758 (7th Cir. 2005) ("[A]ctual notice does not by itself constitute valid service of process."). Service of process is not a formality; it is a constitutional right. [Cited by *China Alarm Holdings Acqusition LLC v. Ing Yim Leung Alexander*, 2011 WL 13097092, \*2 (W.D. Tennessee 2011)].

The Sixth Circuit requires that a court set aside a default judgment if service of process was not proper. See *Jalapeno Prop. Mgmt., L.L.C. v. Dukas*, 265 F.3d 506, 515 (6th Cir. 2001) (stating that "if the underlying judgment is void, it is a *per se* abuse of

discretion for a court to deny a movant's motion to vacate the judgment under Rule 60(b)(4)") (internal citations omitted) (emphasis in the original). Therefore, if service of process is not proper, the judgment is void, and the court must set aside Defendant's default judgment. See *United Student Aid Funds, Inc. v. Espinosa,* ___ U.S. ___, ___ –___, 130 S.Ct. 1367, 1376–77, 176 L.Ed.2d 158 (2010). *Perfect Score Co. v. Miller,* No. 1:09 CV 1189, 2011 WL 4540742, at *3 (N.D. Ohio Sept. 29, 2011). [Cited by *Steese v. SML Relocation, LLC,,* 2016 WL 4066942, *3 (N.D. Ohio 2016).

In the present case, Defendant was not properly served with the lawsuit. On March 4, 2022, Plaintiff's counsel filed a Certification of Service (docket no. 3) indicating, *inter alia,* Defendant was served a copy of the Summons in an Adversary Proceeding and Complaint at the following address:

> Chris Markos
> 816 N. Pinellas Ave.
> Tarpon Spring Fl 34689

("Pinellas Address")

The Pinellas Address is not the residence of the Defendant nor a place where the Defendant regularly conducts business. The Defendant never received the Complaint. At the time relevant to the service of the adversary proceeding the Defendant was not regularly operating the business at the Pinellas Address and had not in months. Furthermore, the business at the Pinellas Address had no operating hours. There was no regular business activity; therefore, service at the Pinellas address was improper. The only mail that was received was what was able to be pushed under the door. The Defendant did not receive the summons and the complaint and had absolutely no knowledge of the pending adversary proceeding. The Defendant would only go to the business once or twice

a month. Attached are copies of the Defendants driver's license and various other mail resided at the address of his residence:36750 US Highway 19N, Unit 2650, Palm Harbor Fl 34684. See Exhibit A. Plaintiff's counsel failed to serve the summons and complaint at the Defendant's residence nor at a business where he regularly conducts business. Accordingly, Plaintiff did not properly serve Defendant and provide notice of the lawsuit to him; Plaintiff violated Federal Rule of Bankruptcy Procedure 7004. The Defendant only became aware of this action when special counsel for the Plaintiff served a subpoena upon him at his residence. Following the receipt of the subpoena the undersigned was retained to litigate the complaint. Sworn Statement Exhibit B

## B. Fed.R.Civ.P. 60(b)(4)

FRCP 60(b)(4) states in pertinent part:

\*           \*           \*

(b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

\*           \*           \*

(4) the judgment is void;

\*           \*           \*

Rule 60(b)(4) provides that a court "may relieve a party or its legal representative from a final judgment" if "the judgment is void...." "Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271, 130 S.Ct. 1367, 176 L.Ed.2d 158 (2010). Improper service is a jurisdictional error that falls within the ambit of Rule 60(b)(4). *Perfect Score Co. v. Miller, No.* 1:09 CV 1189, 2011 WL 4540742, at *3

(N.D.Ohio Sept.29, 2011) ("The Sixth Circuit requires that a court set aside a default judgment if service of process was not proper.") (citing *Jalapeno Prop. Mgmt., L.L.C. v. Dukas*, 265 F.3d 506, 515 (6th Cir.2001). [Cited by *Balentine v. Allen*, 2015 WL 1396524, *6 (W.D. Tennessee, 2015)].

See also *Shipp v. Visions Sports Bar & Grill, Inc.*, No. 10–2598, 2011 U.S. Dist. LEXIS 143637, at *3–4 (W.D.Tenn. Dec. 12, 2011) ("A judgment is void under Rule 60(b)(4) 'if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law.' One denial of due process under Rule 60(b)(4) is improper service of process; accordingly, 'if service of process is not proper, the judgment is void, and the court must set aside [the plaintiff's] default judgment.' " (quoting *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 108 (6th Cir.1995) and *Jalapeno Prop. Mgmt., L.L.C. v. Dukas*, 265 F.3d 506, 515 (6th Cir.2001))); *Werner v. Kalamazoo Cmty. Mental Health & Substance Abuse Servs.*, No. 06–310, 2006 U.S. Dist. LEXIS 69453, at *10, 2007 WL 2746632 (W.D.Mich. Sept. 19, 2007) (explaining that a "default judgment entered when there has been no proper service of the complaint is, a fortiori, void, and should be set aside under Rule 60(b)(4)") (quoting *Gold Kist, Inc. v. Laurinburg Oil Co., Inc.*, 756 F.2d 14, 19 (3d Cir.1985))). [Cited by *U.S. v. Plesco*, 2012 WL 1867442, *4 (E.D. Michigan 2012).

As an initial matter, "if service was improper, the default judgment is void and must be vacated" pursuant to Fed. R. Civ. P. 60(b)(4). *United States v. Murphy*, No. 99-1436, 2007 U.S. Dist. LEXIS 78020, at *5, 2007 WL 2973584 (E.D.N.Y. Sept. 28, 2007). Indeed, the Sixth Circuit requires that a court set aside a default judgment if service of process was not proper. See *Jalapeno Prop. Mgmt., L.L.C. v. Dukas*, 265 F.3d 506, 515 (6th Cir. 2001) (stating that "if the underlying judgment is void, it is a per se abuse of discretion for a court

to deny a movant's motion to vacate the judgment under Rule 60(b)(4)") (internal citations omitted) (emphasis in the original). Therefore, if service of process is not proper, the judgment is void, and the court must set aside Defendant's default judgment. See *United Student Aid Funds, Inc. v. Espinosa*, 130 S.Ct. 1367, 1376-77, 176 L.Ed.2d 158 (2010). *Plesco*, 2012 U.S. Dist. LEXIS 71020, at *11-12 (collecting multiple Sixth Circuit and United States District Court cases wit hin the Sixth Circuit holding the same). *Id. Cucuz* at *4.

For the reasons outlined in paragraph I.A above, the Default Judgment in the instant matter is void based on Plaintiff's failure to properly serve Defendant a copy of the Summons and Complaint.

"[W]ithout proper service of process, consent, waiver, or forfeiture, a court may not exercise personal jurisdiction over a named defendant." *Wells v. Rhodes*, 592 Fed.Appx. 373, 377 (6th Cir. 2014) (quoting *King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012)).

## C.    Fed.R.Civ.P. 60(b)(1)

Plaintiff filed a lawsuit concerning a fraudulent conveyance. The Defendant has good cause for setting aside the Default Judgment that has been entered.

Fed.R.Civ.P. 60(b)(1) states as follows:

(b) Mistakes; Inadvertance; Excusable Neglect; Newly Discovered Evidence; Fraud; etc. On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order or proceeding for the following reasons:

(1) Mistake, inadvertance, surprise, or excusable neglect

\*          \*          \*

The application of Rule 60(b)(1) has been discussed in the 6th Circuit case, *United Coin Meter Co. V. Seaboard Coastline RR* 705 F.2d 839 (6th Cir 1983). A three- factor test was outlined on how to deal with the problem of setting aside a default judgment. The three

factors are: (1) Defendant's culpability; (2) Prejudice to the Plaintiff; and (3) Whether Defendant has a meritorious defense. This test is consistent with the United State Supreme Court's test for deciding Rule 60(b) issues. *Pioneer Inv. Sevrs. Co. v. Brunswick Assocs. Limited Partnership*, 507 U.S. 380 (1993).

While an analysis of the Rule 60(b)(4) issue likely precludes an analysis of the other *United Coin* factors, Defendant will just briefly mention them here.

### 1.   Was the Defendant Culpable

The Sixth Circuit generally defines culpable conduct as conduct which displays "an intent to thwart judicial proceeding or a reckless disregard for the effect of its conduct on those proceedings." *In re Baskett*, 219 B.R. 754 (1998).

As outlined above, the Defendant in the present action was not properly served with the lawsuit. As such, Defendant did not have notice and cannot be culpable based on lack of knowledge of a lawsuit. The Defendant only became aware of the default judgment upon the actions of the Plaintiff's special counsel who served a subpoena at his residence. Therefore, the Defendant was not culpable and his actions must be classified as excusable neglect. The Defendant never intended to thwart a judicial proceeding or have reckless disregard for the effect of its conduct.

### 2.   Will the Plaintiff be Prejudiced

In considering whether a party would experience any prejudice if the challenged default judgment is set aside, the Sixth Circuit has stated:

> Trials on the merits are favored in the federal courts, and "a 'glaring abuse' of discretion is not required for reversal of a court's refusal to relieve a party of the harsh sanction of default."

\* \* \*

*United Coin Meter v. Seaboard Coastline Railroad*, 705 F.2d 839 (6th Cir.1983) (quoting *Keegel v. Key West & Caribbean Trading Co.*, 627 F.2d 372, 373-74 (D.C.Cir.1980)). [Cited by *Berthelsen v. Kane*, 907 F.2d 617, 620–21 (6th Cir.1990)].

It is true that the plaintiff will suffer some delay in his recovery if a trial on the merits is held, but " 'delay alone is not a sufficient basis for establishing prejudice.' " To establish prejudice, the plaintiff must show that the delay will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion. Prejudice is nearly negligible in view of the litigation history of this case. Accordingly, there would be no significant impact on the case if the default judgment was set aside.

There is no prejudice to the Plaintiff. Aside from a subpoena being issued no other action has been taken to enforce the judgment. Trials on the merits are favored in federal courts and any doubts should be resolved in favor of the petition to set aside the judgment so that cases may be decided on the merits. *Huntington Cab Co v. American Fidely & Casualty Co* 4 F.R.D. 496.

### 3. Defendant's Meritorious Defenses

In determining whether a defaulted defendant has a meritorious defense, "likelihood of success is not the measure." Rather, if any defense relied upon states a good defense at law, then a meritorious defense has been advanced. *Keegel v. Key West Caribbean Trading Co Inc,* 627 F2d at 734.

A defense is meritorious if "there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Williams*, 346 F.3d at 614 (emphasis in original). The test of meritoriousness is not "likelihood of success," but merely whether the claim or defense is "good at law." *United Coin Meter*, 705 F.2d at 845.

The Defendant has numerous defenses to the Plaintiff's complaint. The Plaintiff allege's two transfers by the Debtor to the Defendant: #1 Prior to the debtor's bankruptcy filing she transferred 100% of Doria LLC ("Doria") to the Defendant. #2 The debtor transferred at least one bank account owned jointly with the Defendant thereby removing the Debtor's name from the account transferring a 50% interest in the account.

First, the Defendant states that Doria was set up in the debtor's name solely for estate planning purposes. The debtor never put in any money into Doria nor did she take any active role in the management or participation in the company.

Second, the transfer was so that the debtor would not have any liability associated with a business she did not run or have any part of.

Doria holds no real property it was a jewelry business that the vast majority of services were repairs or sales on consignment. The Defendant will argue that the business had no or minimal value and it was a personal service business (Defendant's service); therefore, any transfer by the debtor to the Defendant there was reasonably equivalent value given. The reasonable equivalent value being that the debtor was no longer obligated for potential liabilities ie taxes.

Further, the Defendant will argue that any alleged transfer of Doria was not done with intent to hinder, delay, or defraud creditors. The debtor had no role in the company and wanted her name removed from the company. The company was set up in the name of the debtor solely for estate planning purposes.

The second transfer outlined by the Plaintiff is the removal of the debtor's name from a joint bank account with the Defendant. The Defendant will advance the defense that all funds in a joint account were his property and at no time did the daughter contribute funds into the account. Therefore, the Defendant will rebut the presumption that 50% of

the funds in the account belong to the Debtor. MCL 487.703 provides the rules for deposits in joint accounts at a financial institution. Under Michigan case law, the presumption of equal use and equal access is rebuttable. "The rights are determined by the intent of the depositor at the time of deposit." In re Pitre, 202 Mich App 241, 244; 508 NW2d 140 (1993). The "realities of ownership", not the form of the account, control in dispute between parties to the joint tenancy. Esling v City Nat'l Bank & Trust of Battle Creek, 287 Mich 571, 577; 270 NW 791 (1936). The Defendant was the sole individual putting funds in any alleged account and the debtor's name being on the account was for a "convenience" account; therefore, any alleged transfer was not a transfer of the Debtor's property.

The Trustee does not name the account in the complaint; however, if the situs of the property was in Florida as the Defendant is a Florida resident the analysis does not change. F]or garnishment purposes, funds on deposit in a financial institution are presumed to belong to the person or entity named on the account." Bernal, 2009 WL 586010 at *4 (citingThomas J. Konrad & Associates, Inc. v. McCoy, 705 So. 2d 948, 949 (Fla. Dist. Ct. App. 1998);Ginsberg v. Goldstein, 404 So. 2d 1098, 1099 (Fla. Dist. Ct. App. 1981). Nevertheless, such presumption is subject to the right of the account holders to rebut that presumption "upon a sufficient showing." Postnet Int'l Franchise Corp. v. R&B Central Enters., Inc., No. 6:08-cv-00106-22-DAB, 2009 WL 453413, *3 (M.D. Fla. Feb. 23, 2009). The Defendant asserts and will be able to show that all funds in the alleged joint account were his.

Importantly, the Plaintiff's complaint alleges damages at $100,000.00; however, there is absolutely no support for the damage calculation set forth in the complaint or any exhibits attached to the complaint that would support such a large value. Upon information and belief, at the time of the alleged transfer of Doria the business was losing money and

not regularly operating. Doria owned no real estate, jewelry, or assets valued anywhere near the Plaintiff's damage calculations. Furthermore, as to any alleged joint bank account, upon the Defendant's best recollection at the times relevant to the complaint there was less than $5,000.00 in a joint bank account. The damage calculation of the Plaintiff is extremely troublesome as a senior citizen of 69 would be financially destroyed by a $100,000.00 judgment.

As one Court in the Eastern District of Michigan stated:

> "However, these three factors only require consideration when service of process is properly effected because without proper service the court has no jurisdiction to take any action over the defendant, including entering a default." *Adams v. Wilmington Finance/AIG*, 2012 U.S. Dist. LEXIS 98525, 2012 WL 2905918 at * 1 (E.D. Mich. 2012). "In other words, until a party has been properly served, the Court cannot take action against that party, including entering a default or judgment by default against that party." *Harper v. ACS-INC.*, 2010 U.S. Dist. LEXIS 114760, 2010 WL 4366501 at * 3 (E.D. Mich. 2010). Accordingly, "if service of process was not proper, the court must set aside an entry of default."

> *O.J. Dist., Inc. v. Hornell Brewing Co., Inc.*, 340 F.3d 345, 353 (6th Cir. 2003). *Green v. City of Southfield*, No. 15-13479, 2016 U.S. Dist. LEXIS 208936, at * *5-6, 2016 WL 695656 (E.D. Mich. Feb. 22, 2016) (Cox, J.). [Cited by *Cucuz v. Rosta International Limited*, 2017 WL 2213572, *4 (E.D. Michigan 2017)].

Thus, having analyzed the *United Coin* factors and Rule 60(b), the Court finds that Defendant is entitled to relief from the underlying default judgment. *Id.*

## CONCLUSION

The United States Supreme Court has addressed the context of late filings in *Pioneer Investments Services Company v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 113 S.Ct. 1489 (1993). In *Pioneer*, the Supreme Court tackled the issue of whether a late filed proof of claim should be allowed within the meaning of Federal Rule of Civil Procedure 60(b).

In allowing the late filed claim the Supreme Court enumerated several factors that weigh upon a court's decision on whether to excuse the late filing. The Court noted that when attempting to find whether the late filing should be excused the factors to be weighed are:

> ..the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith. *Pioneer* at 395.

The Defendant must prevail using this standard. The danger of prejudice to the Defendant is high as the Defendant could face a judgment of $100,000 in which he has a meritorious defense.

The Sixth Circuit has not analyzed the standard set forth in *Pioneer* but has stated that, "where rule 60(b)is invoked to set aside a default judgment, a court must both consider the Rule 55 equitable factors enumerated in *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F2d839, 845 (6thCir. 1983), and find that one of the specific requirements of Rule 60(b)is met." *Thomson v. American Home Assurance Co.*, 95 F3d 429, 433 (6th Cir. 1996). The Defendant has satisfied the equitable factors and has met many of the conditions enumerated in Federal Rule of Civil Procedure 60(b).

Furthermore, Federal Rule of Civil Procedure 60(b)(6) allows this Court to set aside the judgment for any other reason. This Court should take a look at the factors enumerated in the above sections, the Sixth Circuit demands that cases be tried on the merits and the Supreme Court's direction of prejudice to the Defendant.

GOLDSTEIN BERSHAD & FRIED PC

By: /s/ Scott M. Kwiatkowski
     Scott M. Kwiatkowski  (P67871)
     Attorney for Defendant
     4000 Town Center, Suite 1200
     Southfield, MI 48075
     (248) 355-5300
     (248) 355-4644 Fax
     email: scott@bk-lawyer.net

Dated: October 28, 2022

# EXHIBIT A





5400 Pinehurst Drive
Spring Hill, FL 34606

Chris Markos
36750 US Highway 19 N
Unit 2650
Palm Harbor, FL 34684



PRSRT STD
US POSTAGE
PAID
Little Falls, MN
PERMIT #629

**2023**

| COUNTY | | |
|---|---|---|
| PINELLAS | | |

| ST FIPS | COU FIPS | |
|---|---|---|
| 12 | 12103 | |

SENDER:
**EHEALTHINSURANCE SVCS, INC.**

**MEDICARE ADVANTAGE PLAN INFORMATION FOR CHRIS**

000402

You may be eligible to enroll in a Medicare Advantage plan with additional benefits and a $0 monthly plan premium.

Call now for details and to speak with a licensed insurance agent, toll-free **(888) 902-1680** TTY 711.

See reverse for more details.

Chris Markos
Unit 2650
36750 US Highway 19 N
Palm Harbor FL 34684-1239

Advertisement-No Government Affiliation



PROGRESSIVE

IMPORTANT DOCUMENTS ENCLOSED

Progressive Claim
600 North Westshore Boulevard, Suite
Tampa, FL 33609

Recipient:
CHRIS MARKOS
36750 US 19 N # 2550
PALM HARBOR, FL 34684

# EXHIBIT B

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In Re:

    Feroniki Katerini Kutsomarkos,

Case No. 20-43741
Chapter 7
Hon. Mark A. Randon

    Debtors.

_____/

Kenneth Nathan, Trustee,

    Plaintiff,

vs.

Chris Markos and
Rak Dixit a/k/a Rakesh Dixit

Adversary Proceeding
Case No. 22-4030

    Defendants

_____/

## STATEMENT UNDER PENALTY OF PERJURY OF CHRIS MARKOS

Chris Markos, states the following:

1.     I make this statement based upon personal knowledge.
2.     I have read the Motion to Set Aside Default Judgment and Brief in support of the motion and all of the facts stated therein are true to the best of my information, knowledge, and belief.

Sworn under the penalty of perjury,

/s/ Chris Markos
Chris Markos

Dated: October 28, 2022

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In Re:                                        Case No. 20-43741
                                              Chapter 7
      Feroniki Katerini Kutsomarkos,        Hon. Mark A. Randon


          Debtors.
_____/

Kenneth Nathan, Trustee,

          Plaintiff,

vs.

Chris Markos and
Rak Dixit a/k/a Rakesh Dixit          Adversary Proceeding
                                      Case No. 22-4030

          Defendants

_____/

## ORDER GRANTING DEFENDANT'S MOTION TO SET ASIDE DEFAULT JUDGMENT

The Court makes the following findings of fact, conclusions of law and enters the following:

IT IS HEREBY ORDERED that the Default Judgment entered on April 12, 2022 against Defendant Chris Markos is set aside.

IT IS FURTHER ORDERED that Defendant Chris Markos has 14 days from the entry of this order to file an answer or responsive pleading to the Complaint.

# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

In Re:

      Feroniki Katerini Kutsomarkos,

               Debtors.

_____/

Kenneth Nathan, Trustee,

           Plaintiff,

vs.

Chris Markos and
Rak Dixit a/k/a Rakesh Dixit

           Defendants

_____/

Case No. 20-43741
Chapter 7
Hon. Mark A. Randon


Adversary Proceeding
Case No. 22-4030

## NOTICE OF DEFENDANT'S MOTION TO SET ASIDE DEFAULT JUDGMENT

The undersigned has filed papers with the Court, requesting the Court set aside the default judgment entered against the Defendant.

**Your rights may be affected.** **You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one).**

If you do not want the Court to grant the requested relief, or you would like the court to consider your views on this motion, within <u>14</u> days, you or your attorney must:

1.    Electronically file with the Court's Electronic Case Filing system which must comply with F. R. Civ. P. 8(b),(c) and (e) explaining your position pursuant to L.B.R. 9014 ( E.D.M.) You may find more information regarding electronic filing at the Court's website, <u>www.mieb.uscourts.gov</u> or with the Clerk of the Court located at 211 W, Fort St., 17th Floor, Detroit, MI
You must mail a copy to:

               Scott Kwiatkowski , Esq.
               Goldstein, Bershad & Fried, P.C.
               Attorneys for Defendant
               4000 Town Center, Suite 1200
               Southfield, MI 48075

If you mail your response to the court for filing, you must mail it early enough so the court will receive it on or before the date stated above.

If a response or answer is timely filed and served, the clerk will schedule a hearing on the motion and you will be served with a notice of the date, time and location of the hearing.

**If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.**

GOLDSTEIN BERSHAD & FRIED PC

By: /s/ Scott Kwiatkowski
        Scott Kwiatkowski (P67871)
        Attorneys for Defendant
        4000 Town Center, Suite 1200
        Southfield, MI 48075
        (248) 355-5300
        (248) 355-4644 Fax
        email: aaron@bk-lawyer.net

Dated: October 28, 2022

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In Re: Feroniki Katerini Kutsomarkos,

              Debtor.

_____/

Kenneth Nathan, Trustee,

              Plaintiff,

vs.

Chris Markos and
Rak Dixit a/k/a Rakesh Dixit

              Defendants.

_____/

Case No. 20-43741
Chapter 7
Hon. Mark A. Randon

Adversary Proceeding
Case No. 22-4030

## CERTIFICATE OF SERVICE

    I hereby certify that on October 28, 2022 I electronically filed the following papers with the Clerk of the Court using the ECF system which will send notification of such filing to the following ECF Participants:

| | |
|---|---|
| Documents Filed: | Defendant, Chris Markos', Motion to Set Aside Default Judgment, Brief in Support of Motion, Proposed Order, Notice of Motion and this Certificate of Service |
| ECF Participants: | All parties listed by the Court for service via electronic mailing |

    And I hereby certify that on October 28, 2022 I mailed the documents by United States Postal Service to the following non-ECF participants:

| |
|---|
| NONE |

                    /s/ Jennifer L. Gamalski
                    Jennifer L. Gamalski
                    4000 Town Center, Suite 1200
                    Southfield, MI 48075
                    Phone: (248) 355-5300
                    Scott M. Kwiatkowski P-67871
                    email scott@bk-lawyer.net

Dated: October 28, 2022