UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In Re:  Case No. 20-43741
Chapter 7
    Feroniki Katerini Kutsomarkos, Hon. Mark A. Randon

    Debtors.
_____/

Kenneth Nathan, Trustee,

    Plaintiff,

vs.

Chris Markos and
Rak Dixit a/k/a Rakesh Dixit     Adversary Proceeding
    Case No. 22-4030

    Defendants
_____/

## DEFENDANT, CHRIS MARKOS', REPLY TO PLAINTIFF'S RESPONSE TO MOTION TO SET ASIDE DEFAULT JUDGMENT

    NOW COMES, Defendant, Chris Markos ("Defendant") by and through his attorneys, GOLDSTEIN BERSHAD & FRIED P.C., and submits this Reply to Plaintiff's Response to Motion to Set Aside Default Judgment:

    Plaintiff's response fails to set forth adequate reasons to deny Defendant's Motion to Set Aside Default Judgment. For the following reasons( including those cited in Defendant's motion) Defendant's motion must succeed,

    #1 Cases cited by Plaintiff do not support the Plaintiff's contention that service to a business of the Defendant that had not been operating in months, is proper service.

    #2 In the alternative, the Defendant sufficiently meets the three factor test to set

aside the default.

The Plaintiff cites In Montoya v. Sattari, 2021 WL 1731802 (Bankr. D. N. Mex 2021) for defeating the Defendant's claim that the Defendant did not "regularly" conduct business at the address where service was allegedly effectuated. The *Sattari* case is easily distinguishable as it was a COVID pandemic case were service was effectuated during the pandemic and the closing was temporary. The Court ruled that the temporary closing was due to the pandemic was not sufficient to warrant improper service.

In the current case, the Defendant did not operated the business whatsoever and had no plans of reopening the business. The closing was not temporary. The landlord allowed him to use the location for storage and there was sign to call the Defendant if necessary; there was no business action and there was not any regular business activity. Merriam-Webster defines regularly as: 1) in a regular manner 2) on a regular basis at regular intervals.

The Defendant did not regularly conduct business the cessation was not a temporary situation. The Plaintiff did not effectuate service at the Plaintiff's home address even though that address was readily ascertainable. Allowing this service to stand would mean that a Defendant with absolutely no knowledge of a lawsuit, which was not served at his home, but rather a storefront that is never open, with no business hours, no phone number, and no operations would constitute proper service. There was no mailbox at the location. This "business" does not fit the definition of "regularly conducts business" therefore service was improper.

Further, there is no response, giving the inference that there is no answer, to how the Plaintiff possibly arrived at a damage calculation of $100,000. The Defendant never

being served, with no evidence of how the damages are ascertained, would be facing his own bankruptcy since he is a senior citizen with only social security as income.

The Defendant has cited numerous defenses to the Plaintiff's complaint. The Plaintiff disagrees with the Defendant's position; however, that is not the standard. The Defendant does not have to prove success at this stage. The Defendant motion and brief set forth viable and meritorious defenses, which are good defenses at law, which is all the standard requires.

GOLDSTEIN BERSHAD & FRIED PC

By: /s/ Scott M. Kwiatkowski
    Scott M. Kwiatkowski  (P67871)
    Attorney for Defendant
    4000 Town Center, Suite 1200
    Southfield, MI 48075
    (248) 355-5300
    (248) 355-4644 Fax
    email: scott@bk-lawyer.net

Dated: December 1, 2022

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In Re: Feroniki Katerini Kutsomarkos,      Case No. 20-43741
                                                    Chapter 7
                Debtor.                  Hon. Mark A. Randon
_____/
Kenneth Nathan, Trustee,

                Plaintiff,
vs.

Chris Markos and
Rak Dixit a/k/a Rakesh Dixit                 Adversary Proceeding
                                                    Case No. 22-4030
                Defendants.
_____/

## CERTIFICATE OF SERVICE

       I hereby certify that on December 1, 2022 I electronically filed the following papers with the Clerk of the Court using the ECF system which will send notification of such filing to the following ECF Participants:

| Documents Filed: | Defendant, Chris Markos', Reply to Plaintiff's Response to Motion to Set Aside Default Judgment and this Certificate of Service |
|---|---|
| ECF Participants: | All parties listed by the Court for service via electronic mailing |

       And I hereby certify that on December 1, 2022 I mailed the documents by United States Postal Service to the following non-ECF participants:

| NONE |
|---|

                                               /s/ Jennifer L. Gamalski
                                               Jennifer L. Gamalski
                                               4000 Town Center, Suite 1200
                                               Southfield, MI 48075
                                               Phone: (248) 355-5300
                                               Scott M. Kwiatkowski P-67871
                                               email scott@bk-lawyer.net

Dated: December 1, 2022